UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RECEIVED & FILED
'00 JUN 28 PM 12 11
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN P.R.

| | |
|---|---|
| JORGE LUIS SUAREZ-MAYA,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | CIVIL NO. 98-1106(PG)<br>CRIM. NO. 93-113(PG) |

## OPINION AND ORDER

Now before the Court is the Magistrate Judge's report and recommendation concerning the petitions filed by Jorge L. Suárez-Maya ("Suarez-Maya") and Felipe Ramirez-Ferrer ("Ramirez-Ferrer") to vacate and set aside their respective sentences pursuant to 28 U.S.C. § 2255. (Docket #9). Suarez-Maya filed his opposition to the report and recommendation. (Docket #11). Ramirez-Ferrer has not filed an opposition to the report and recommendation but he did file a motion for leave to amend his § 2255 petition after the report and recommendation was issued. Although the Magistrate Judge considered the 2255 petitions together, due to co-defendant's Ramirez-Ferrer's motion to amend his § 2255 petition, the Court will only consider the Magistrate Judge's report and recommendation as to Suarez-Maya's 2255 motion.

The Magistrate Judge concluded: (1) that Suarez-Maya's habeas relief motion was time-barred; (2) that Suarez Maya was not protected by the doctrine of equitable estoppel; (3) that Suarez-Maya failed to





Civil No. 98-1106(PG) 2
Criminal No. 93-113(PG)

succeed on the defense of government misconduct; and (4) that Suarez-Maya failed to meet the requirements to show ineffective assistance of counsel.

Petitioner, Suarez Maya, opposes the report and recommendation arguing: (1) that his 2255 motion is not time barred and even if time-barred, equitable estoppel applies to his case; (2) that his claim for ineffective assistance of counsel was not contradicted by the record, (3) that the Magistrate Judge misunderstood the facts when she dismissed his claim of ineffective assistance due to counsel's failure to investigate and call witness and (4) that further discovery should be granted as to the officers' earlier misconduct.

### Background

A brief procedural background is necessary in order to properly consider the issue of the statute of limitations. On June 9, 1993, the grand jury returned a three count superseding indictment against Ramirez-Ferrer, Suarez-Maya and Raúl Troche-Matos. A jury convicted Ramirez-Ferrer and Suarez-Maya of violating 21 U.S.C. § 841(a)(1), 21 U.S.C. § 952(a) and 18 U.S.C. § 924(c)(1). See Criminal Case No. 93-113. Suarez-Maya received concurrent life terms as to counts one and two and a consecutive term of 60 months as to count three. Concurrent supervised release terms of five years for counts one and two and three years for count three plus special monetary assessment of $50.00

AO 72A
(Rev. 8/82)

Civil No. 98-1106(PG)                                                    3
Criminal No. 93-113(PG)

as to each count were also imposed. Suarez-Maya appealed his convictions. The First Circuit Court of Appeals originally affirmed his conviction on count one and three but reversed his conviction on count two and remanded for resentencing. United States v. Ramirez-Ferrer, WL 237041, 1, 14 (1st Cir. 1995) (unreported). In an en banc opinion, the Court of Appeals affirmed the panel's decision reversing his conviction on count two, affirmed his conviction on count one, and remanded the case to the original panel for further proceedings on count three. United States v. Ramirez-Ferrer, 82 F.3d 1131, 1144 (1st Cir. 1996). On remand, the original panel upheld Suarez-Maya's conviction on count three. United States v. Ramirez-Ferrer, 82 F.3d 1149 (1st Cir. 1996). Subsequently, the Supreme Court denied petitioner's writ of certiorari on November 6, 1996. Ramirez-Ferrer v. United States, 519 U.S. 973 (1996). In accordance with the Court of Appeals' reversal of Suarez-Maya's conviction on count two, the District Court entered on June 30, 1997 an amended judgment vacating the sentence imposed in count two.

### Discussion

A. Statute of Limitation

The one-year statute of limitations for filing habeas motion starts to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The Magistrate Judge determined

Civil No. 98-1106(PG) 4
Criminal No. 93-113(PG)

that Suarez-Maya's judgment of conviction became final when he was denied the writ of certiorari in the Supreme Court. Suarez-Maya argues that his judgment of conviction did not become final until after the district court amended the judgment. He cites Erebia v. Chrysler Plastic Products Corp., 891 F.2d 1212, 1215 (6th Cir. 1989), in support thereof and alleges that none of the cases cited by the Magistrate Judge examined the effect of a remand upon the finality of a judgment.

The Erebia case is inapposite to petitioner's case. In Erebia the issue was in relation to the application of res judicata or collateral estoppel where a prior judgment had been reversed. The cases cited by the Magistrate Judge dealt with the question of when does the limitation's period begins to run after the appellate court has affirmed the defendant's conviction and sentence. See e.g. Kapral v. United States, 166 F.3d 565 (3d Cir. 1999).

The precise issue as to when a "judgment of conviction becomes final" for purposes of the statute of limitations under 28 U.S.C. § 2255 when a court partially affirms and partially reverses a conviction and remands to the district court for resentencing was considered by the Court of Appeals for the Ninth Circuit in United States v. Colvin, 204 F.3d 1221 (9th Cir. 2000). The Court held that the judgment does not become final and the statute of limitations does

Civil No. 98-1106(PG)  5
Criminal No. 93-113(PG)

not begin to run until the district court has entered an amended judgment and the time for appealing that judgment has passed. The dissenting vote was cast by Judge Rhymer. He opined that when the mandate of the appellate court left nothing for the district court to do but perform the ministerial task of erasing the conviction of one of the counts then the judgment of conviction becomes final, at the latest, when the time for petitioning the United States Supreme Court for a writ of certiorari has expired. Colvin, 204 F.3d at 1225.

The court agrees with Judge Rhymer's reasoning. In the present case, all of the issues were expressly disposed of on appeal and the mandate left nothing for the court to do but to strike the conviction of one of the counts. Therefore, the judgment of conviction became final when Suarez-Maya's petition for certiorari was denied. Having filed his 2255 motion more than one year after the denial of the petition for certiorari, Suarez Maya's motion is time barred.

B. Equitable Estoppel

Suarez Maya argues that even if his 2255 petition is time-barred the doctrine of equitable estoppel renders his filing timely. He grounds his argument on several factors. The first one is the lack of precedents on the effect of a remand from an appeals court to a district court on the finality of a judgment in the context of a § 2255 motion. A second factor alleged is that Suarez Maya was unable,

Civil No. 98-1106(PG) 6
Criminal No. 93-113(PG)

despite his diligence, to learn vital information for two of his claims due to delay in receipt of the transcripts of his trial. Lastly, petitioner claims that he was very diligent in ascertaining the status of his case; that the sentencing judgment was amended due to his June 2, 1997 letter addressed to the Court asking to be resentenced in accordance with the opinions entered by the Court of Appeals.

Even assuming that the doctrine of equitable estoppel does apply to Suarez Maya's 2255 action, the same must be dismissed for the reasons stated in the magistrate judge's report and recommendation and in this Opinion and Order.

C.   Interference with Petitioner's Right to Testify

Defendant argues that his counsel: (1) failed to inform him that the decision whether to testify or not was his; (2) failed to provide sufficient information so that he could make a meaningful waiver of the right; and (3) denied him the right to testify by threatening to walk out of the trial if he insisted on doing so.  Even though the court believes that there is no factual support for petitioner's allegations and that there were very good reasons for petitioner's attorney's suggesting that Suarez Maya not testify (his three prior convictions for drug-related offenses), the Court will nevertheless consider whether Suarez Maya showed a reasonable probability that, but

AO 72A
(Rev. 8/82)

Civil No. 98-1106(PG)                                                      7
Criminal No. 93-113(PG)

for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). Suarez Maya alleges that, if allowed to testify, he would have presented the defense of lack of knowledge or consent as to the presence of drugs in the boat and that the purpose of the trip to Mona Island was to ferry passengers for a fee. The defense of lack of knowledge or mere presence in the boat was brought to the jurors' attention by the other co-defendants and the jury rejected the same. On appeal, the defense theory was also rejected by the First Circuit, which affirmed defendants' conviction for possession of cocaine with intent to distribute. U.S. v. Ramirez-Ferrer, 82 F.3d at 1154. There is no reason to believe that the jury will have reacted differently to Suarez Maya's allegations. To the contrary, although the same evidence was presented against all defendants, against Suarez Maya additional evidence was presented, his incriminatory statements to the police. Furthermore, petitioner fails to substantiate his proffered theory about the purpose of the trip. Even though Suarez Maya claims that witnesses were available to support his theory of making extra money for ferrying passengers to Mona, he fails to identify the specific witnesses; fails to describe in detail the testimony they might have given and fails to substantiate the claim that they would in fact testify as proffered. The only passengers on the boat were

Civil No. 98-1106(PG)  8
Criminal No. 93-113(PG)

co-defendants Ramirez-Ferrer and Troche-Matos who failed to present any alternative explanation for their presence in the boat. In conclusion, even assuming arguendo that Suarez-Maya's bare allegation of ineffective assistance of counsel for failure to advise him as to his right to testify is sufficient, he has failed to show a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. <u>Strickland</u>, <u>supra</u>.

    D.  Failure To Call Witnesses

Suárez-Maya claims that his attorney was ineffective in failing to investigate and call two witnesses. These witnesses are identified as Mr. Lugo and someone by the name of Nino. Mr. Lugo would have testified that Suarez-Maya was hired to ferry passengers for a fee. Again petitioner fails to substantiate this theory. As to Nino, petitioner contends that he would have testified that he was "somewhere else on the day in question", and that he had been threatened by Sergeant Padilla not to testify. Petitioner claims that Nino's testimony would have destroyed Sergeant Padilla's probable cause tale. However, petitioner fails to substantiate the claim that this "Nino" would in fact testify as proffered. He has not produced any affidavit or statements from the proposed witness.

Suarez-Maya's conclusory allegations about the testimony of uncalled witnesses are insufficient to show ineffective assistance of

Civil No. 98-1106(PG)                                                  9
Criminal No. 93-113(PG)

counsel. See United States v. Vargas, 920 F.2d 167, 169-070 (2nd Cir. 1990), cert. denied, 502 U.S. 826 (1991); Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.) ("mere conclusory allegations are insufficient to prove that counsel was ineffective"), cert. denied, 493 U.S. 869 (1989); Barry v. United States, 528 F.2d 1094, 1101 (7th Cir.) (holding that petition must be accompanied by a detailed and specific affidavit which shows actual proof beyond unsupported allegations), cert. denied), 429 U.S. 826 (1976). Accordingly, a hearing under section 2255 is not required. See Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989) (holding that an evidentiary hearing is unnecessary where petitioner fails to submit specific allegations and fails to demonstrate that he has actual proof of the allegations); See also United States v. Quan, 789 F.2d 711, 715 (9th Cir.) cert. dismissed, 478 U.S. 1033 (1986).

   E.  Police Misconduct

   The Court agrees with the Magistrate Judge's appreciation of the police misconduct allegation. The same can be summarily dismissed for two reasons. Out of the seven or eight police officers mentioned by petitioner allegedly involved in misconduct only two participated in petitioner's case. And even as to those two police officers their misconduct is completely unrelated to petitioner's case. Moreover, Suarez-Maya cannot ignore the fact that there were eight other

Civil No. 98-1106(PG)                                                              10
Criminal No. 93-113(PG)

officers who testified at trial concerning their investigation, surveillance, the boat interdiction and Suarez-Maya's arrest.

## Conclusion

For all of the above reasons, even if the court were to consider Suarez-Maya's 2255 motion as timely filed, the same is **Denied** and the case **Dismissed**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico  June 26, 2000.

_____
JUAN M. PEREZ-GIMENEZ
U.S. District Judge